PENDLETON CONSTRUCTION CORPO-
RATION, a Corporation of the Com-
monwealth of Virginia, Plaintiff–Appel-
lant,

v.

ROCKBRIDGE COUNTY, VIRGINIA, a
County of the Commonwealth of Virgi-
nia; the Board of Supervisors of Rock-
bridge County, Virginia, the governing
body of Rockbridge County; Charles
W. Barger & Son Construction Compa-
ny, Inc., a Corporation of the Common-
wealth of Virginia; Matthew R. Beebe;
Charles W. Barger, III; William Ed-
wards; Kenneth Moore; Maynard
Reynolds; Manalou Sauder and
Charles Trimble, Defendants–Appellees.

No. 87–2009.

United States Court of Appeals,
Fourth Circuit.

Argued July 7, 1987.

Decided Jan. 27, 1988.

Robert David Luskin (Joel I. Klein, Paul
J. Van de Graaf, Onek, Klein & Farr,
Washington, D.C., on brief) for plaintiff-ap-
pellant.

Franklin David Munyan, Richmond, Va.
(H. David Natkin, Natkin, Heslep & Nat-
kin, Lexington, Va., on brief), James Greer
Welsh (Timberlake, Smith, Thomas & Mo-
ses, Staunton, Va., on brief) for defend-
ants-appellees.

Before RUSSELL, WIDENER and
HALL, Circuit Judges.

PER CURIAM:

This case involves an antitrust suit
brought by Pendleton Construction Corpo-
ration (Pendleton) against two groups of
defendants. The controversy concerns
Pendleton's unsuccessful applications to
obtain, under Virginia zoning law, certain
conditional use permits which would allow
it to engage in blasting to obtain rock for a
construction project. Pendleton alleges
that the group of private defendants,
Charles W. Barger, III, Matthew R. Beebe,
and Charles W. Barger & Son Construction
Company, monopolized and attempted to
monopolize the market for certain types of
rock in violation of section 2 of the Sher-
man Act, 15 U.S.C. § 2. Pendleton also
claims that the private defendants con-
spired with the group of municipal defend-
ants, Rockbridge County, its Board of Su-
pervisors, and the individual board mem-
bers, to prevent Pendleton from competing
with Barger Construction Company in vio-
lation of sections 1 and 2 of the Sherman
Act, 15 U.S.C. §§ 1, 2. Finally, Pendleton
asserts that it was denied due process of
law by the municipal defendants' actions
and inactions.

In the district court, the plaintiff and
defendants, after pre-trial discovery, made
cross motions for summary judgment. The
district court granted the defendants' sum-
mary judgment motions. *Pendleton Con-
struction Corp. v. Rockbridge County*,
652 F.Supp. 312 (W.D.Va.1987). In reach-
ing its decision, the court below decided
that the governmental defendants were im-
mune from antitrust liability under the

---

state action immunity doctrine [1]; that the private defendants were immune from antitrust liability pursuant to the *Noerr—Pennington* immunity doctrine [2] and that their activities did not fall within that doctrine's sham exception [3], 652 F.Supp. at 319–21; that the individual members of the Board of Supervisors enjoyed public official immunity as to their actions in denying Pendleton's permit application, 652 F.Supp. 323–25; that Pendleton received all the process it was due in that it was given adequate notice and a meaningful opportunity to be heard, 652 F.Supp. at 323; and that any alleged anticompetitive conduct on the part of the private defendants not involving the municipal defendants was not of the kind forbidden to a monopolist or would-be monopolist, with a possible exception not warranting relief,[4] 652 F.Supp. at 322.

We have considered the briefs and the record, and, following oral argument, we are convinced that the district court's conclusions are unassailable. We affirm on the opinion of the district court, 652 F.Supp. 312 (W.D.Va.1987).

AFFIRMED.

---

**1.** *See Parker v. Brown,* 317 U.S. 341, 350–52, 63 S.Ct. 307, 313–14, 87 L.Ed. 315 (1943); *City of Lafayette v. Louisiana Power & Light Co.,* 435 U.S. 389, 413, 98 S.Ct. 1123, 1137, 55 L.Ed.2d 364 (1978); *Town of Hallie v. City of Eau Claire,* 471 U.S. 34, 40–41, 43, 105 S.Ct. 1713, 1717–18, 85 L.Ed.2d 24 (1985); *Racetrac Petroleum, Inc. v. Prince George's County,* 601 F.Supp. 892 (D.Md.1985), *aff'd,* 786 F.2d 202 (4th Cir.1986).

**2.** *See Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.,* 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961); *United Mine Workers v. Pennington,* 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965); *California Motor Transportation Co. v. Trucking Unlimited,* 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972).

**3.** *See Noerr,* 365 U.S. at 144, 81 S.Ct. at 533; *California Motor,* 404 U.S. at 511–13, 92 S.Ct. at 612–13.

**4.** This exception is of little consequence. Pendleton complained that the private defendants had interfered with one of its contractual relationships by attempting to induce a third party to break his easement contract with Pendleton. 652 F.Supp. at 322. However, the third party swore in an affidavit that no interference occurred and there was in fact no breach. 652 F.Supp. at 322. Accordingly, the district court correctly noted that Pendleton could not have suffered any damages. *Id.*