837 F.2d 178
 56 USLW 2450, 1988-1 Trade Cases 67,944
 PENDLETON CONSTRUCTION CORPORATION, a Corporation of the
Commonwealth of Virginia, Plaintiff-Appellant,
v.
ROCKBRIDGE COUNTY, VIRGINIA, a County of the Commonwealth of
Virginia; the Board of Supervisors of Rockbridge County,
Virginia, the governing body of Rockbridge County; Charles
W. Barger & Son Construction Company, Inc., a Corporation of
the Commonwealth of Virginia; Matthew R. Beebe; Charles W.
Barger, III; William Edwards; Kenneth Moore; Maynard
Reynolds; Manalou Sauder and Charles Trimble, Defendants-Appellees.
 No. 87-2009.
 United States Court of Appeals,
Fourth Circuit.
 Argued July 7, 1987.
Decided Jan. 27, 1988.
 
 Appeal from the United States District Court for the Western District of Virginia, at Lynchburg; Jackson L. Kiser, District Judge. (CA-84-0157-L).
 Robert David Luskin (Joel I. Klein, Paul J. Van de Graaf, Onek, Klein & Farr, Washington, D.C., on brief) for plaintiff-appellant.
 Franklin David Munyan, Richmond, Va. (H. David Natkin, Natkin, Heslep & Natkin, Lexington, Va., on brief), James Greer Welsh (Timberlake, Smith, Thomas & Moses, Staunton, Va., on brief) for defendants-appellees.
 Before RUSSELL, WIDENER and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case involves an antitrust suit brought by Pendleton Construction Corporation (Pendleton) against two groups of defendants. The controversy concerns Pendleton's unsuccessful applications to obtain, under Virginia zoning law, certain conditional use permits which would allow it to engage in blasting to obtain rock for a construction project. Pendleton alleges that the group of private defendants, Charles W. Barger, III, Matthew R. Beebe, and Charles W. Barger & Son Construction Company, monopolized and attempted to monopolize the market for certain types of rock in violation of section 2 of the Sherman Act, 15 U.S.C. Sec. 2. Pendleton also claims that the private defendants conspired with the group of municipal defendants, Rockbridge County, its Board of Supervisors, and the individual board members, to prevent Pendleton from competing with Barger Construction Company in violation of sections 1 and 2 of the Sherman Act, 15 U.S.C. Secs. 1, 2. Finally, Pendleton asserts that it was denied due process of law by the municipal defendants' actions and inactions.
 
 
 2
 In the district court, the plaintiff and defendants, after pre-trial discovery, made cross motions for summary judgment. The district court granted the defendants' summary judgment motions. Pendleton Construction Corp. v. Rockbridge County, 652 F.Supp. 312 (W.D.Va.1987). In reaching its decision, the court below decided that the governmental defendants were immune from antitrust liability under the state action immunity doctrine[1]; that the private defendants were immune from antitrust liability pursuant to the Noerr--Pennington immunity doctrine[2] and that their activities did not fall within that doctrine's sham exception[3], 652 F.Supp. at 319-21; that the individual members of the Board of Supervisors enjoyed public official immunity as to their actions in denying Pendleton's permit application, 652 F.Supp. 323-25; that Pendleton received all the process it was due in that it was given adequate notice and a meaningful opportunity to be heard, 652 F.Supp. at 323; and that any alleged anticompetitive conduct on the part of the private defendants not involving the municipal defendants was not of the kind forbidden to a monopolist or would-be monopolist, with a possible exception not warranting relief,[4] 652 F.Supp. at 322.
 
 
 3
 We have considered the briefs and the record, and, following oral argument, we are convinced that the district court's conclusions are unassailable. We affirm on the opinion of the district court, 652 F.Supp. 312 (W.D.Va.1987).
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 See Parker v. Brown, 317 U.S. 341, 350-52, 63 S.Ct. 307, 313-14, 87 L.Ed. 315 (1943); City of Lafayette v. Louisiana Power & Light Co., 435 U.S. 389, 413, 98 S.Ct. 1123, 1137, 55 L.Ed.2d 364 (1978); Town of Hallie v. City of Eau Claire, 471 U.S. 34, 40-41, 43, 105 S.Ct. 1713, 1717-18, 85 L.Ed.2d 24 (1985); Racetrac Petroleum, Inc. v. Prince George's County, 601 F.Supp. 892 (D.Md.1985), aff'd, 786 F.2d 202 (4th Cir.1986)
 
 
 [2]
 See Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961); United Mine Workers v. Pennington, 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965); California Motor Transportation Co. v. Trucking Unlimited, 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972)
 
 
 [3]
 See Noerr, 365 U.S. at 144, 81 S.Ct. at 533; California Motor, 404 U.S. at 511-13, 92 S.Ct. at 612-13
 
 
 [4]
 This exception is of little consequence. Pendleton complained that the private defendants had interfered with one of its contractual relationships by attempting to induce a third party to break his easement contract with Pendleton. 652 F.Supp. at 322. However, the third party swore in an affidavit that no interference occurred and there was in fact no breach. 652 F.Supp. at 322. Accordingly, the district court correctly noted that Pendleton could not have suffered any damages. Id